MICHAEL BAILEY
United States Attorney
District of Arizona
Jane L. Westby
Assistant U.S. Attorney
State Bar No. 017550
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jane.westby@usdoj.gov

Daniel Kahn
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
SIJI MOORE
Trial Attorney
1400 New York Ave NW
Washington, D.C. 20530
Telephone: (202) 305-0756
Email: Babasijibomi.moore2@usdoj.gov

Attorneys for the United States

FILED DEC - 3 2020 CLERK U S DISTRICT COURT DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR20-02736(JCH)(BGM) |
| Plaintiff, | 20-WI-1350-JCH (BGM) |
| v. | |
| Austin VanScoyk, | PLEA AGREEMENT |
| Defendant. | |

The United States of America and Austin VanScoyk ("Defendant") agree to the following disposition of this matter:

## PLEA

U.S. v. VanScoyk
November 11, 2020
Page 1

1. Defendant agrees to plead guilty to the single count Information charging Defendant with a felony violation of Title 18 U.S.C. Section 371, Conspiracy to Commit Wire Fraud, a Class D Felony.

## ELEMENTS OF THE OFFENSE

2. Defendant is charged in the single count Information with conspiracy to commit wire fraud in violation of Title 18 U.S.C. Section 371. In order to prove a violation of Title 18 U.S.C. Section 371, the government must prove each of the following elements beyond a reasonable doubt:

  a. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud;

  b. The defendant knew the unlawful purpose of the plan and willfully joined in it; and

  c. An overt act committed by at least one co-conspirator.

The elements of Wire Fraud are:

  a. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

  b. That the defendant acted with the intent to defraud, that is, acted knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another;

  c. That in advancing, furthering, or carrying out the scheme, the Defendant or

Defendants transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## TERMS

3. The Defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements.

### Maximum Penalties

4. The Defendant understands that the maximum penalty for the single count Information, Conspiracy to Commit Wire Fraud, in violation of Title 18 U.S.C. Section 371, is a fine of up to $250,000, a term of up to five (5) years imprisonment, or both, and a period of not more than three (3) years supervised release.

5. Pursuant to the United States Sentencing Guidelines ("Guidelines") issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

(a) order Defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, Defendant establishes the applicability of the exceptions found therein;

(b) order Defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663A and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case.

6. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the Defendant of $100.00 for each offense to which the Defendant is pleading guilty. The special assessment is due at the time Defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

7. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the District Court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

### Agreements Regarding Sentencing

8. The government and Defendant stipulate that the total offense level in the U.S. Sentencing Guidelines for the offense to which Defendant is pleading guilty is calculated as follows:

| | |
|---|---|
| Base Offense Level (§ 2B1.1(a)(2)) | 6 |
| Specific Offense Characteristic 2B1.1(b)(1)(H) | 14 |
| Acceptance of Responsibility (§ 3E1.1) | <u>-3</u> |

Total Offense Level <u>17</u>

9. Pursuant to Rule 11(c)(1)(B), the government and the Defendant stipulate ~~and agree~~ to an advisory sentencing guideline range of:

If Defendant's criminal history category is I, 24 to 30 months imprisonment;

If Defendant's criminal history category is II, 27 to 33 months imprisonment;

If Defendant's criminal history category is III, 30 to 37 months imprisonment;

If Defendant's criminal history category is IV, 37 to 46 months imprisonment;

If Defendant's criminal history category is V, 46 to 57 months imprisonment;

If Defendant's criminal history category is VI, 51 to 63 months imprisonment:

10. The defendant is free to request any sentence and move for any variances and departures he deems appropriate. Defendant understands that the court is neither a party to nor bound by this agreement and the court has complete discretion to impose the maximum sentence possible for the crime to which Defendant has pled. If the court imposes a sentence greater than the maximum term agreed upon by the parties or otherwise rejects the plea agreement, the Defendant may withdraw Defendant's guilty plea as authorized by Rule 11(d)(2)(A), Fed. R. Crim. P.

11. Pursuant to Fed.R.Crim.P. 11(c)(1)(B), provided the Defendant complies with the terms of this agreement, the government agrees to not bring further criminal charges against the Defendant for any conduct now known to the government related to the allegations in the Information.

12. The Defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Assets and Financial Responsibility

13. The Defendant shall (i) make a full accounting of all assets, including real and personal property in which the Defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the Defendant's credit reports in order to evaluate the Defendant's ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the Defendant. The Defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the Defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

### Breach of the Agreement.

U.S. v. VanScoyk
November 11, 2020
Page 6

14. If Defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States:

    a. may, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph 18 below and Defendant understands that Defendant shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

    b. may prosecute Defendant for any offense known to the United States for which Defendant is responsible, and Defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

    c. may argue for a maximum statutory sentence for the offenses to which Defendant has pled guilty.

## Plea Addendum

15. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## Waiver of Defenses and Appeal Rights

16. The Defendant waives any and all motions, defenses, probable cause determinations, and objections that the Defendant could assert to the information or indictment, or to the Court's entry of judgment against the Defendant and imposition of sentence upon the Defendant providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement provided Defendant receives a sentence within the stipulated sentencing range for Defendant's criminal history. The Defendant further waives: (1) any right to appeal the Court's entry of judgment against Defendant; (2) any right to appeal the imposition of sentence upon Defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the Defendant might file challenging his conviction or sentence in this case. If the

Defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

18. If the Defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the Defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, Defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant understands that any statements made at the time of the change of plea or sentencing may be used against Defendant in any subsequent hearing, trial or proceeding as permitted by Fed.R.Crim.P. 11(f).

### Perjury and Other Offenses

19. Nothing in this agreement shall be construed to protect the Defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the Defendant after the date of this agreement.

### Disclosure of Information to U.S. Probation Office

20. Defendant understands the United States' obligation to provide all information in its file regarding Defendant to the United States Probation Department.

21. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

22. Nothing in this agreement shall be construed to protect the Defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

23. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be

giving up my rights as follows: to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the Court for payment of restitution during any period of incarceration; and, to appeal or file any other challenge to my conviction or sentence.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement and any addendum, if any, contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

From in or about March 18, 2020 through in or about August 7, 2020, in Safford, Arizona, Austin VanScoyk, Jonathan VanScoyk and Sam Fiedler conspired, confederated, and agreed to commit wire fraud by submitting fraudulent Paycheck Protection Program ("PPP") applications for four entities: Bright Edge, Yellow Turtle, Aston Homes, and Grand American. At the time of the PPP application Grand American, owned by Jonathan VanScoyk, was operating on a limited basis. In the PPP application and supporting documents, Austin VanScoyk, Jonathan VanScoyk and Sam Fiedler claimed that the four entities had between 36 and 171 employees and hundreds of thousands of dollars in monthly payroll, neither of which was true.

In support of the applications, Sam Fiedler prepared and submitted fraudulent IRS tax forms 941 and fraudulent payroll documents. Austin VanScoyk and Sam Fiedler knew that the applications and supporting documents were fraudulent. During the course of the conspiracy Jonathan VanScoyk became aware that the application and supporting documents were

U.S. v. VanScoyk
November 11, 2020
Page 12

fraudulent. On April 26, 2020, a loan of $638,300 was issued to Bright Edge. On April 30, 2020 a loan of $594,830 was issued to Grand American Homes. Before receiving the loan funds, but after submitting loans, Austin VanScoyk, Sam Fiedler, and Jonathan VanScoyk took various steps to convince non-employees to purport to be employees of Bright Edge or Grand American Homes.

12-3-20
Date

*(signature)*
Austin VanScoyk
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the Defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the Defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the Defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12-3-2020
Date

/s/ Hector Diaz
Hector Diaz
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

Daniel S. Kahn
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

12.3.2020
Date

SIJI MOORE
Trial Attorney, Fraud Section
United States Department of Justice
Jane L. Westby
Assistant U.S. Attorney