GLENN McCORMICK
Acting United States Attorney
District of Arizona
JANE L. WESTBY
Assistant U.S. Attorney
State Bar No. 017550
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email:  jane.westby@usdoj.gov

DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
SIJI MOORE
Trial Attorney
1400 New York Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0756

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 4:20-cr-02736-JCH-BGM |
| | ) | |
| v. | ) | |
| | ) | |
| Austin VanScoyk | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

### I. INTRODUCTION

The United States of America, by and through Siji Moore, Trial Attorney for the Department of Justice, and Jane L. Westby, Assistant United States Attorney for the District of Arizona, hereby submits the following sentencing memorandum for consideration by the Court.

## II. STATEMENT IN SUPPORT OF A SENTENCE UNDER 18 U.S.C. § 3553(a)

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. U.S., 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*. In calculating the appropriate advisory guideline range, the district court should consider all relevant conduct proven by a preponderance of the evidence. Relevant conduct under the Guidelines thus "'comprises more, often much more, than the offense of conviction itself, and may include uncharged and even acquitted conduct.'" *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095 (10th Cir.2007) (*quoting United States v. Allen*, 488 F.3d 1244, 1254-55 (10th Cir.2007)). After determining the applicable advisory Guideline range, the district court must then consider the sentencing factors pursuant to 18 U.S.C. § 3553(a) to shape an appropriate sentence.

Pursuant to 18 U.S.C. § 3553(a) and Section 6A1.2 of the Sentencing Guidelines and Policy Statements, the United States hereby represents that it has reviewed the Probation Office's presentence report in this matter, and that it does not dispute any of the facts or factors set out therein.

### a. Nature and Circumstances of the Offense

From in or about March 18, 2020 through in or about August 7, 2020, in Stafford, Arizona, **Austin VanScoyk**, Jonathan VanScoyk, and Samuel Fiedler conspired, confederated, and agreed to commit wire fraud by submitting fraudulent Paycheck Protection Program ("PPP") applications for four entities under the groups control: Bright

2

Edge, Yellow Turtle, Aston Homes, and Grand American.  At the time of the PPP application Grand American, owned by Jonathan VanScoyk, was dormant.  In the PPP application and supporting documents, **Austin VanScoyk**, Jonathan VanScoyk**,** and Fiedler claimed that the businesses had between 36 and 171 employees and hundreds of thousands of dollars in monthly payroll, neither of which was true.

In support of the applications Austin VanScoyk, Jonathan VanScoyk and Fiedler agreed to submit fraudulent IRS tax forms 941 and fraudulent payroll documents.  **Austin VanScoyk**, Jonathan VanScoyk ,and Fiedler knew that the applications and supporting documents were fraudulent.  On April 26, 2020, a loan of $638,300 was issued to Bright Edge.  On April 30, 2020 a loan of $594,830 was issued to Grand American Homes.  After receiving the loan funds, **Austin VanScoyk** and Jonathan VanScoyk took various steps to conceal the conspiracy, including attempting to convince non-employees to purport to be employed by Bright Edge or Grand American Homes.   After the bank begin asking questions about the legitimacy of the Grand American Homes loan, Jonathan VanScoyk arranged for the loan proceeds to be returned.   On December 3, 2021 Fiedler and **Austin VanScoyk** pled guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371.   On July 12, 2021 Jonathan VanScoyk plead guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.

   b. **<u>History and Characteristics of the Defendant</u>**

Defendant does not have a criminal history.

   c. **<u>The Need for the Sentence to Reflect Seriousness of the Offense, Respect for the Law, Provide Just Punishment, Deter Future Criminal Conduct By Defendant and Others, and to Protect the Public from Further Crimes of</u>**

**the Defendant**

In an effort to abate similar conduct in the future, this Court should impose a sentence that will serve as a warning to individuals considering similar conduct. A sentence that includes incarceration will deter comparable activities by sending the message that such behavior is unacceptable and will be adjudicated harshly within the District of Arizona and the Ninth Circuit. Based on the nature of Defendant's crimes and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in financial fraud. The exploitation of federal programs during a pandemic for financial gain cannot be tolerated in our society.

### III.   CONCLUSION

Defendant's criminal actions caused substantial damage during a time of national emergency. A custodial sentence will deter future criminal acts and protect the public. Such a sentence is also needed to emphasize the seriousness of the offense, promote respect for the law, and provide well-deserved and just punishment to Defendant.

Respectfully submitted,

GLENN MCCORMICK
ACTING UNITED STATES ATTORNEY

JOSEPH BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION

*/s/ Siji Moore*
Babasijibomi Moore
Trial Attorney
Jane Westby
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System which will send a copy to counsel for the defendant.

                                            */s/ Siji Moore*
                                            Babasijibomi Moore
                                            Trial Attorney